IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARLAND W. KING,                )
                                )
                  Petitioner,   )
                                )
            v.                  )     Civil Action No. 09-406
                                )     Chief Judge Ambrose
JOHN YOST, WARDEN,              )     Magistrate Judge Bissoon
                                )
                  Respondent.   )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the following reasons it is respectfully recommended that the instant petition under 28 U.S.C. §2241 be dismissed.

**II.     REPORT**

Petitioner, Garland W. King, is a federal prisoner who was sentenced to 84 months imprisonment for robbery and possession of a firearm during a robbery on August 24, 2008, in the United States District Court for the Western District of Maryland. King filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court at Civil Action No. 08-1427, in which he sought relief from his conviction and sentence. That petition was dismissed for lack of jurisdiction on December 11, 2008. King now files a second § 2241 petition, and argues that his prior petition was improperly denied.

First, to the extent that King seeks to appeal from the denial of his prior petition, his appeal is filed in the wrong court and is untimely. Second, King seeks to resurrect habeas claims that implicate the legality of his detention, and the petition must be dismissed under the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). Finally, the petition is also subject to dismissal under 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

In Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam), the Court of Appeals for the Third Circuit found that a prisoner's second attempt to file a § 2241 petition was barred by § 2244(a). The same result applies here.

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). Hence, no recommendation is being made with respect to a certificate of appealability.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 1, 2009.

April 14, 2009          s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
GARLAND W. KING
41517-037
FCI Loretto
PO Box 1000
Loretto, PA 15940